# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 5:10-cr-00031

MILES GREGORY,

        Defendant.

### MEMORANDUM OPINION AND JUDGMENT ORDER

The Court has reviewed the *Defendant's Motion to Reduce Sentence Under Title 18 U.S.C.S. § 3582(c)(2), Pursuant to the Retroactivity of the Fair Sentence Act (2010)* ("Def.'s Pro-se Mot.") (Document 46), wherein Defendant asks the Court to "vacate [his] sentence and remand his case back for re-sentencing in light of <u>Hill</u> and <u>Dorsey</u>." (*Id*. at 9; *see Dorsey v. United States*, 132 S.Ct. 2321, 2335 (2012) (holding that the Fair Sentencing Act of 2010 ("the Act"), Pub.L.No.111-220, 124 Stat. 2372, applies retroactively to those whose cocaine base crimes occurred before the Act's effective date, but who were sentenced after that date.))[1]  Defendant argues that the changes to the amount of cocaine base that would trigger the mandatory minimum of 21 U.S.C. § 841(b)(1)(B)(iii) has changed and that his offense of conviction no longer qualifies him for a five year mandatory minimum sentence.

Upon receipt of Defendant's Section 3582(c)(2) motion, the Court issued an order directing that this case proceed under this Court's Standard Procedure for consideration of motions seeking

---

[1]  The Act, which became effective on August 3, 2010, before the Defendant's sentencing in this case, lowered the statutory mandatory minimum penalties for crack cocaine offenses in 21 U.S.C. § 841(b).

the benefit of the retroactive amendment to Section 2D1.1 of the United States Sentencing Guidelines pursuant to 18 U.S.C. § 3582(c)(2) and ordered that the Federal Public Defender undertake the representation of the Defendant or seek the appointment of counsel.  (Document 49).[2] The Court also ordered that the United States and the Defendant file written memoranda addressing all relevant issues, including Mr. Gregory's eligibility for a sentence reduction based on the changes to the applicable Sentencing Guideline, whether the Defendant should receive such a reduction, and, if so, the extent of the reduction (*Id*. at 1.)

*I.*

The Court has considered Mr. Gregory's Indictment, Plea Agreement, the original Presentence Investigation Report (PSI), Judgment and Commitment Order, Statement of Reasons, and the recent addendum to the PSI from the Probation Office.  The Court has also considered the written memoranda submitted by the parties on this issue (Documents 50-51), as well as the pro se submissions made by Mr. Gregory (Documents 52, 54).  Additionally, the Court has  considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

On October 17, 2010, Mr. Gregory was before this Court for sentencing as a result of his guilty plea for possession with the intent to distribute 5 grams or more of cocaine base on January 23, 2010, in violation of 21 U.S.C. § 841(a)(1). (*See* Indictment (Document 12); Plea Agreement (Document 34)).  Defendant's original Presentence Investigation Report attributed to him 114.978 grams of cocaine base; 16,251 hydrocodone pills; 108 oxycodone pills (80mg); and 19.17 ounces

---

[2]  On November 1, 2010, pursuant to the Fair Sentencing Act of 2010, the United States Sentencing Guidelines were amended resulting in reductions in the guidelines in Section 2D1.1 for cocaine base. These temporary, emergency amendments to the Guidelines took effect on November 1, 2010. Permanent amendments implementing the Act were promulgated on April 6, 2011, with an effective date of November 1, 2011. Subsequently, the Sentencing Commission voted to give retroactive effect to the permanent amendments.

of marijuana.  Given that Mr. Gregory's offense and relevant conduct involved cocaine base and other controlled substances, his base offense level was determined as provided in  Application Note 10(B) of Section 2D1.1, by converting the weight of each controlled substance to its marijuana equivalent and then reduce by two levels under Application Note 10(D)(ii).  As a result, Mr. Gregory's offense and relevant conduct involving cocaine base was converted to 2,299.56 kilograms of marijuana.  The marijuana equivalent of the balance of the controlled substances was added for a combined marijuana equivalent of 2,374.242 kilograms.  Consequently, Mr. Gregory's original offense and relevant conduct resulted in a base offense level of thirty (30).  After applying a three-level reduction for acceptance of responsibility, the original Presentence Investigation Report represented a total offense level of twenty-seven (27).  Given a criminal history category of IV, Defendant's original guideline range was 100-125 months.   However, this Court considered the changes to the criminal statute pursuant to the Act and the unrevised Guidelines which were still in effect on the date of Mr. Gregory's sentencing.  The Court further determined that the Guidelines' imposition of a disparity between crack cocaine and powder cocaine was unjust, and, instead, applied a ratio of  18 to 1.  As a result, Mr. Gregory was responsible for 413.921 kilograms of marijuana equivalency (representing his offense and relevant conduct involving cocaine base). Upon consideration of the marijuana equivalent of the cocaine base, all of the other controlled substances distributed (74.68 kilograms of marijuana equivalent), and the two level reduction under Application Note 10(D)(ii), Defendant's base offense level was reduced to twenty-six (26).[3]  Given the three-level reduction for acceptance of responsibility, Defendant's total offense level was reduced to twenty-three (23).  Therefore, Mr. Gregory's applicable advisory guideline range became

---

[3]  In sum, Defendant was responsible for 488.601 kilograms of marijuana equivalency.

seventy to eighty-seven (70-87) months. The Court imposed a seventy (70) month term of imprisonment. (Document 41).

## II.

Applying the 2011 amendments to the Guidelines, Defendant's base offense level is twenty-eight (28). In light of his three-level reduction for acceptance of responsibility, his total offense level becomes twenty-five (25).[4] A total offense level of twenty-five (25) and a criminal history category of four, results in Defendant's advisory guideline range under the 2011 Amendment of eighty-four to one hundred five (84-105) months. Defendant was originally sentenced to a term of 70 months, which is lower than this amended guideline range. Pursuant to Section 1B1.10(b)(2)(A) of the United States Sentencing Guidelines, the Court is precluded from reducing Defendant's sentence. (*See* U.S.S.G. § 1B1.10(b)(2)(A)) ("[T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]")[5] Therefore, in consideration of the retroactivity of the Sentencing Guidelines, the Court finds that Defendant's term of imprisonment shall remain unchanged under Section 3582(c)(2). In their written responses, counsel for both the United States and the Defendant acknowledge that Defendant cannot benefit from the 2011 Amendment to Section 2D1.1 of the United States Guidelines for cocaine base offenses. (Documents 50 and 51).

---

[4]   The November 1, 2010 Amendments removed Application Note 10(D) providing for the two-level reduction for offenses involving cocaine base and one or more controlled substances. (*See* USSG App. C., Amend. 748 (2010)). Therefore, the Court observes that this total offense level is higher than the total offense level considered by the Court during Mr. Gregory's sentencing.

[5]   The one exception to this limitation does not apply in this case because Defendant's original sentence outside of the guideline range was not the result of a substantial assistance motion.

*III*.

Notwithstanding the representation of his attorney, Mr. Gregory filed written memoranda with the Court maintaining his assertion that he is entitled to a sentence reduction pursuant to the holding in *Dorsey*.  Defendant argues that under the Act,  the mandatory minimum has been removed for his offense of conviction and that he is available "for immediate release" since his total guideline range would be 24-30 months.  (Defendant's September 20, 2012 Letter to Court (Document 52) at 2.)  In support of this argument and in his consideration of the Drug Table found in the Sentencing Guidelines, Defendant states the following:

> 5 grams of crack cocaine is assigned a base offense level of 16, which corresponds to a guideline sentencing range of 21 to 27 months. Now applying the penalties under § 841(b)(1)(C) for five grams of crack cocaine having Criminal History Category IV and a three level reduction for acceptance of responsibility results in a total base offense level of 13 . . . corresponds to a total guideline range of 24-30 months of imprisonment.  Applying the low end of the guideline results in immediate release in view of having served 32 months of incarceration.

(*Id*. at 2-3.)

In his second submission, Mr. Gregory acknowledges that a Section 3582(c)(2) motion may not be the proper vehicle to assert his request that the Court vacate his sentence and re-sentence him under the Act. (Defendant's Memorandum in Support for Motion for Relief ("Def.'s Pro Se Mem.") (Document 54) at 1-3, n.1.)   Therefore, Defendant asserts that his Pro-Se Motion (Document 46) should be properly construed as a motion made pursuant to 28 U.S.C. § 2255. (*Id*. at 3.)  Defendant acknowledges that he did not file a direct appeal of his conviction or sentence and that the time for filing a Section 2255 motion has expired.  (*Id*. at 3, n.2.)  However, Defendant argues that he is entitled to equitable tolling and that the Savings Clause is applicable to the relief he seeks given the timing of his sentencing after the Act's effective date, the state of the law in the Fourth Circuit

during the period of time in which he could have filed a Section 2255 motion, and the Supreme Court's decision in *Dorsey*. (*Id*.) Defendant argues that if this Court construes his motion as one under Section 2255, he should be notified of the Court's intent since this is his first Section 2255 motion. (*Id*. at 3-4.) Finally, Defendant argues that neither his court-appointed counsel nor the Government complied with this Court's Order directing the parties to address all issues relevant to his release. (*Id*. at 4-5.) He maintains that pursuant to the holding in *Dorsey* he is entitled to have his sentence vacated and to be re-sentenced under the more lenient terms of the Act that does not include the mandatory minimum. Attached to Defendant's submission is the September 20, 2012 letter from Attorney Jonathan Byrne to Defendant explaining why counsel's memorandum to the Court did not include any discussion of Dorsey or mandatory minimums and informing Defendant how to proceed if he wished to pursue re-sentencing under *Dorsey*. (Def.'s Pro Se Mem. Ex. 1 at 9-10.)

*IV.*

The Court has considered the Defendant's pro se submissions. The Court agrees with Mr. Gregory that pursuant to the Supreme Court's holding in *Dorsey*, defendants, like him, who committed a cocaine base offense prior to the Act and were sentenced after the Act became effective can obtain the benefits of the Act. Indeed, under the Act, the five year mandatory minimum sentence found in Section 841(b)(1)(B) is not applicable to Mr. Gregory. However, as reflected above, Mr. Gregory's sentence was not based on a mandatory minimum sentence provided for by Section 841. Rather, the imposed seventy (70) month term of imprisonment was based upon the Court's consideration of the applicable advisory guideline range and its use of the 18 to 1 cocaine base to cocaine ratio. Consequently, Mr. Gregory's sentence would not be altered by the elimination

-6-

of the mandatory minimum set forth in § 841(b)(1)(B).  The Court notes that Mr. Gregory misapprehends the factors that accounted for the applicable advisory guideline range that was determined at his sentencing and that which will be applicable to any advisory range determinable under the 2011 Amendment to Section 2D1.1.  In view of his calculation as detailed above, Mr. Gregory fails to account for the fact that he was held responsible for other controlled substances, not just cocaine base.  The marijuana, oxycodone and hydrocodone included within his relevant conduct combined to account for a marijuana equivalent weight of 74.68 kilograms.  Additionally, both the offense and relevant conduct relating to the cocaine base attributed to him amasses more than a mere five grams of cocaine base that he uses in his calculation.[6]  The sentence imposed by the Court was inclusive  of the entirety of Mr. Gregory's offense and relevant conduct, not the mandatory minimum statutory exposure in Section 841.  Therefore, assuming that Mr. Gregory could seek relief in a motion brought pursuant to Section 3582(c)(2) based upon the Fair Sentencing Act of 2010, that Act has no effect on his case.[7]  *United States v. Deane*, No. 12-6719,  2013 WL 1137448, *2 (4th Cir. March 20, 2013) (per curiam decision) (assuming but not finding that Section 3582(c)(2) motion "is a proper vehicle" for a Dorsey argument and application of the Act to a defendant's sentence) (citing *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013)(observing that a proceeding under § 3582(c)(2) "is limited to the application of changes in the Guidelines"); *United States v. Berry,* 701 F.3d 374, 377 (11th Cir.2012)(pointing out that the Act's statutory change "is not a guidelines

_____

[6]    Despite using five grams of cocaine base in his calculation, Mr. Gregory, in his Pro-Se Motion, acknowledged that the district court held him accountable for 114.978 grams of cocaine base and applied an 18 to 1 ratio prior to imposing his seventy (70) month sentence.  (Pro Se Motion at 2.)

[7]   If the Court were to consider, as Mr. Gregory suggests, that under the Act and his charged offense  he would not be bound by the mandatory minimum of Section 841(b)(1)(B), but rather the maximum statutory term of imprisonment found in Section 841(b)(1)(C), or twenty (20) years of imprisonment, the statutory maximum would not affect Mr. Gregory's sentence since the seventy (70) month sentence imposed by the Court is not in violation of the law.

amendment by the Sentencing Commission," and therefore cannot serve as the basis of a § 3582(c)(2) motion)).  Moreover, in light of the foregoing, the Court finds that no finding is necessary regarding whether Defendant can properly assert a Section 2255 motion as he contends.  The Court has not construed his pleading in such a manner.

Wherefore, for the reasons stated herein, the Court hereby **ORDERS** that the *Defendant's Motion to Reduce Sentence Under Title 18 U.S.C.S. § 3582(c)(2), Pursuant to the Retroactivity of the Fair Sentence Act (2010)* (Document 46) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:          April 11, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA